IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENNIS PAUL SHERRELL, JR.,

    Plaintiff,

vs.                                                                        No. CIV 18-0408 JB\JHR

UNIVERSITY OF NEW MEXICO,
GREG GOLDEN,
FNU LEARNER, and
FNU LNU,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 1, 2018 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 1, 2018 (Doc. 3)("Application"). Plaintiff Dennis Paul Sherrell, Jr., appears pro se. For the reasons set out below, the Court will: (i) grant Sherrell's Application; and (ii) dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

## PROCEDURAL BACKGROUND

Sherrell filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Sherrell alleges that: (i) he was "[e]scorted off campus in squad-car (patrol vehicle) & interrogated of Protected Health Information under threat of arrest for trespassing at Publicly Funded University;" (ii) an "Emergency Ban [was] Enacted;" and (iii) "Denied medical services & records." Complaint at 2-4. Besides these factual allegations, Sherrell provides little else to support his claim for relief. See Complaint at 2-4. Sherrell references 18 U.S.C. § 245,

Federally protected activities, 18 U.S.C. § 241, Conspiracy against rights, and "Visitor Polic[ies]" relating to "Emergency Analog," "Hacking," "Potential for great harm," and "Interfering with Freedom of Speech."  Complaint at 3.

Sherrell's Application states that: (i) his "[a]verage monthly income amount during the past 12 months" was "Aprox. $1010.00" in disability, public-assistance and other sources; (ii) he is unemployed; (iii) his "average monthly expenses" total $1010.00; and (iv) he has no cash and no money in bank accounts.  Application at 1-5.  Sherrell signed an "Affidavit in Support of the Application," stating that he "is unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information he provides in the Application is true.  Application at 1.

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(unpublished)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th

Cir. 1988)).[1] "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir. 2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

---

[1] Scherer v. Kansas is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Scherer v. Kansas, Brewer v. City of Overland Park Police Department, and Kelly v. Rockefeller have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order of Dismissal.

[2] At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) (Judicial Conference Schedule of Fees). In Brewer v. City of Overland Park Police Department, the monthly income of Brewer, the plaintiff, exceeded his monthly expenses by $242.00. See Appellant's Motion for Leave to

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal quotation marks omitted)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court applies the

---

Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977 (10th Cir. 2001)(No. 01-3055).

same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110.

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the

alleged facts' would the defendant prevail on a motion to dismiss." (second alteration in original)(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc., 437 F.3d 588, 602 (7th Cir. 2006))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood

of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss. See Robbins v. Oklahoma, 519 F.3d at 1249; Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)). Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the face of the complaint. See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), F.R.Civ.P., a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish. See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory

limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union P. R., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute. The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense). It appears that, from caselaw in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates. See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.). Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice. See Anderson Living Tr. v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## **LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration in original)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1999)). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat

superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 692 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official

---

[3]In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States of America "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.

defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)). The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court concluded, in Rizzo v. Goode, that there was a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor

organizations." Dodds v. Richardson, 614 F.3d at 1201 (internal quotation marks omitted)(quoting Rizzo v. Goode, 423 U.S. at 375).

## ANALYSIS

Having carefully reviewed the Complaint and the Application, and the relevant law, the Court will: (i) grant Sherrell's Application; and (ii) dismiss this case for failure to state a claim upon which relief can be granted.

The Court will grant Sherrell's Application to proceed in forma pauperis, because: (i) he has signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true; (ii) Sherrell's monthly income of $1,010.00 equals his monthly expenses; (iii) Sherrell is unemployed; and (iv) Sherrell has no cash and no money in bank accounts. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life'"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on the Defendants University of New Mexico, Greg Golden, and officer Learner, because the Court is dismissing this case for failure to state a claim upon which relief can be granted.

The Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted . . . ."). For his Complaint, Sherrell uses a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint at 1. If Sherrell intends the Complaint to be a § 1983 action, the Court must dismiss the action without prejudice for failure to state a claim upon which relief can be granted, because a plaintiff asserting a § 1983 claim "must establish . . .a violation of rights protected by the federal Constitution or created by federal statute or regulation." Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d at 1063 (internal quotation marks omitted)(quoting Summum v. City of Ogden, 297 F.3d at 1000). Sherrell does not allege any facts showing that the Defendants University of New Mexico, Golden, or Learner deprived him of a federal right. Consequently, Sherrell has not stated a claim under § 1983.

If Sherrell is asserting claims pursuant to 18 U.S.C. §§ 241 and 245, which prohibit acts of conspiracy against rights of citizens and interference with federally protected activities, the Court must dismiss those claims for failure to state a claim. See Kelly v. Rockefeller, 69 F. App'x 414, 415 (10th Cir. 2003)(unpublished)(holding that "[t]he district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action").

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed May 1, 2018 (Doc. 3), is granted; (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed May 1, 2018 (Doc. 1), is dismissed without prejudice; (iii) this case is dismissed without prejudice; and (iv) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Dennis Paul Sherrell, Jr.
Albuquerque, New Mexico

    *Plaintiff pro se*